IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **ECHO LINDSEY MCDANIEL,** : | |
| : | |
| **Petitioner,** : | |
| : | |
| V. : | |
| : | NO. 3:23-cv-00114-TES-CHW |
| **Sheriff JOE CHAPMAN,** : | |
| : | |
| **Respondent.** : | |
| _____: | |

## ORDER

Petitioner Echo Lindsey McDaniel, a detainee in the Walton County Jail, has filed an application for federal habeas corpus relief, pursuant to 28 U.S.C. § 2241. Pet. for Writ of Habeas Corpus, ECF No. 1. Petitioner has also moved for leave to proceed *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. Petitioner has, however, paid the filing fee, and thus, her motion to proceed *in forma pauperis* is **DENIED AS MOOT**. Petitioner's petition is now ripe to proceed.

As an initial matter, Petitioner named the Walton County Jail as the respondent in the petition. Because Petitioner is a pre-trial detainee in the Walton County Jail, however, the proper respondent to the petition is Sheriff Joe Chapman. *See* 28 U.S.C. § 2242 (providing that the proper respondent to a petition for a writ of habeas corpus is "the person who has custody over [the petitioner]"); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (explaining that a petitioner's custodian "is 'the person' with the ability to produce the prisoner's body before the habeas court"). Accordingly, the style of this case

has been corrected to show Sheriff Chapman as the respondent. *See Jackson v. Chapman*, 589 F. App'x 490, 491 n.1 (11th Cir. 2014) (per curiam) (recognizing the district court's *sua sponte* substitution of the proper respondent in a habeas action and citing *West v. Louisiana*, 478 F.2d 1026, 1029 (5th Cir. 1973), for the proposition that "denial of a habeas petition for failure to name the proper respondent 'would give an unreasonably narrow reading to the habeas corpus statute'"). The Clerk is **DIRECTED** to update the docket accordingly.

Additionally, it is unclear from the face of Petitioner's habeas corpus application whether Petitioner has yet exhausted the remedies available in the state courts. *See* Pet. for Writ of Habeas Corpus 2-4, ECF No. 1. Petitioner has filed a statement asserting that she attempted to file a state habeas corpus case but that it was returned unfiled with a notice that the court would not file a habeas petition without a conviction. Letter, ECF No. 4. As a result, it appears that Petitioner has at least attempted to exhaust her state remedies. While it is not yet clear whether these attempts have been sufficient, this Court is currently unable to determine that "[P]etitioner is not entitled to relief in the district court." *See* 28 U.S.C. § 2254 Rule 4.[1] The matter may therefore proceed for further factual development.

It is now **ORDERED** that, within **THIRTY (30) DAYS** of the date of this Order, Petitioner amend or supplement her petition to include information about his exhaustion of any state judicial remedies, including whether she filed a state habeas corpus petition, *see*

---

[1] Rule 1(b) of the Rules Governing § 2254 Cases in the United States District Court (the "Section 2254 Rules") provides that the Section 2254 Rules are also applicable to 28 U.S.C. § 2241 cases.

*Picard v. Connor*, 404 U.S. 270, 275 (1971), and to add any unalleged possible constitutional error or deprivation entitling her to relief under § 2241, failing which Petitioner will be presumed to have deliberately waived her right to complain of any constitutional errors or deprivations other than those set forth in the initial habeas petition. If amended, Petitioner will be presumed to have deliberately waived her right to complain of any constitutional errors or deprivations other than those set forth in the initial and amended habeas petitions.

It is further **ORDERED** that Respondent file an answer to the allegations of the petition and any amendments within **SIXTY (60) DAYS** after service of this Order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases.  Either with the filing of the answer or within fifteen (15) days after the answer is filed, Respondent shall move for the petition to be dismissed or shall explain in writing why the petition cannot be adjudicated by a motion to dismiss.  Any and all exhibits and portions of the record that Respondent relies upon must be filed contemporaneously with Respondent's answer or dispositive motion.

No discovery shall be commenced by either party without the express permission of the Court.  Unless and until Petitioner demonstrates that the state habeas court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

A copy of the petition and a copy of this Order shall be served on Respondent by the Clerk of Court.  A copy of this Order shall be served by the Clerk by U.S. mail upon

3

4

Petitioner.   Petitioner is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED**, this 3rd day of November, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
